■ In the Matter of SHELDON M. WEISS, Petitioner. HAROLD M. SPITZER, Respondent.— Application by a suspended attorney, whose period of suspension has expired, for reinstatement as an attorney and counsellor at law. The application was referred to the Committee on Character and Fitness for the Tenth Judicial District for investigation, hearing and report. The committee's report has been received by the court. Application granted; applicant's name directed to be restored to the roll of attorneys and counsellors at law, effective forthwith. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ HARRY D. BEHRMAN, Respondent, v. PEOPLES CAMP CORPORATION, Appellant.— Order of the Supreme Court, Kings County, dated February 14, 1968, which denied defendant's motion purusant to CPLR 3211 (subd. [a], par. 5) to dismiss the complaint, reversed, on the law, with $10 costs and disbursements, and motion granted. No questions of fact were considered. The action, which is for damages for breach of an alleged two-year employment contract, is based upon an agreement which comes within the Statute of Frauds and is unenforcible (General Obligations Law, § 5-701, subd. 1). The memorandum written and initialed by defendant's authorized agent or officer is insufficient to take the agreement out of the statute as it does not contain all of the essential terms of the agreement as pleaded and upon which plaintiff relies (*Crabtree* v. *Elizabeth Arden Sales Corp.*, 305 N. Y. 48). Nor may plaintiff, to supply the lack, rely upon the unexecuted, typewritten document prepared by himself and in places changed in his handwriting (*Brause* v. *Goldman*, 10 A D 2d 328, affd. 9 N Y 2d 620; *McClure* v. *Rignanese*, 25 A D 2d 565; *Chu* v. *Chu*, 9 A D 2d 888), inasmuch as it is not authenticated or shown to contain the agreement of the parties, by the contents of defendant's initialed memorandum to plaintiff (cf. *Sorge* v. *Nott*, 22 A D 2d 768). Beldock, P. J., Christ, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to affirm the order, upon the authority of *Crabtree* v. *Elizabeth Arden Sales Corp.* (305 N. Y. 48).